DANIEL SCANLON, p. b., *vs.* EDWARD COHEE, d. b.

JUSTICES OF THE PEACE—DEMAND FOR RENT—FINDING OF REFEREES.

*Rev. Code* 1915, § 4589, provides for reference where tenant denies demand for rent, and that the referees shall find when "rent is due and the amount thereof." The referees found there was not a just demand for rent, and rendered "a verdict of nonsuit," and the justice entered judgment of nonsuit and for costs. *Held,* an objection that a verdict of nonsuit by the referees was inconsistent with the requirement of the statute would not be sustained.

(*July 7*, 1916.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*John D. Hawkins* for plaintiff below.

*Wm. Watson Harrington* for defendant below.

Superior Court, Kent County, July Term, 1916.

CERTIORARI, No. 21, July Term, 1916.

Attachment for rent, not due, upon an affidavit before a justice of the peace, by Daniel Scanlon, landlord, against Edward Cohee, his tenant, under the statute. *Section* 4586, *Rev. Code* 1915. Judgment of nonsuit, and for costs in favor of the defendant. The plaintiff brings *certiorari.* Affirmed.

*Section* 4589 *Rev. Code* 1915 provides that:

"If the tenant deny the demand of rent, whether the same be in arrears or falling due, the court or justice of the peace shall direct an issue to be tried by a jury at the bar of the court or by a reference to three judicious and impartial citizens before a justice of the peace * * * for ascertaining whether there be a just demand of rent and the amount thereof, and their verdict shall be final and conclusive."

The defendant having denied the demand of rent claimed from him by the plaintiff, the justice directed that the issue be tried by three judicious and impartial citizens, who were chosen and sworn as by the statute required. The issue coming on to be heard before the referees, and after hearing the allegations and proofs of the plaintiff, counsel for the defendant moved for a nonsuit.

The referees reported that:

"* * * After having heard the allegations of the plaintiff and his proofs, and maturely considering the same, do report that we find there is no just demand for rent as shown by the plaintiff * * * and hereby render a verdict of nonsuit."

Thereupon the justice entered the following judgment:

"And now to wit, etc., upon the report of said referees, judgment for nonsuit is hereby given against Daniel Scanlon, the plaintiff, in favor of Edward Cohee, the defendant, and further judgment is hereby given against * * * the plaintiff in favor of * * * the defendant for the sum of thirty-two dollars and five cents as his costs in this procceding."

The exceptions were to the effect that the referees could not render such a verdict as they did, and that the judgment entered thereon is invalid.

The contention was made that the verdict of the refrees was inconsistent with the requirement of the statute that they should ascertain whether there be a just demand of rent and the amount thereof.

Counsel for the defendant relied upon *Wright v. Hayes, 2 Harr.* 389, which though an action in assumpsit, he maintained was applicable in principle to this case.

PENNEWILL, C. J.   The exceptions are rather technical.   We are constrained to affirm the judgment below on the authority of *Wright v. Hayes, 2 Harr.* 389.

Judgment below affirmed.

———————•———————

IN RE PETITION OF JULIA A. P. ADAIR, to set aside a sheriff's sale.

MORTAGES—FORECLOSURE SALE—SETTING ASIDE—PARTIES.

An application to set aside a sheriff's sale on a writ of levari facias, issued on a mortgage foreclosure, must be made by the defendants in the writ, or one of them, or by a judgment creditor whose judgment is a lien upon the property sold; and cannot be made for the purpose of trying title between persons not parties to or directly affected by the sale.

(*May* 15, 1916.)